KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Vasquez,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Andrew Kunaseth, et al.,<br><br>　　　　Defendants. | No. CV 06-1376-PHX-DGC (JRI)<br><br>**ORDER** |

Plaintiff Daniel Vasquez, confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. This is one of more than 1,000 civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] The Court will require Defendants Kunaseth, Wilcox, and Arpaio to answer Counts I and III of the Complaint.

**I. Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. Plaintiff is assessed an

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

1 initial partial filing fee of $8.83. The remainder of the fee will be collected monthly in
2 payments of 20% of the previous month's income, each time the amount in the account
3 exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the
4 appropriate government agency to collect the fees according to the statutory formula.

**II.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**III.  Complaint**

The following are named as Defendants to the Complaint: 1) Andrew Kunaseth, Maricopa County Board of Supervisors; 2) Maricopa County Sheriff Joe Arpaio; 3) Captain Clifton, Jail Commander, Madison Street Jail; and 4) Mary Rose Wilcox, Maricopa County Board of Supervisors.

Plaintiff alleges three grounds for relief in the Complaint: 1) Plaintiff receives insufficient, undercooked, and improperly handled food in violation of the Eighth Amendment; 2) toilet and shower facilities do not have dividing walls and allow inmates to be exposed to common areas in violation of the Eighth Amendment; and 3) the Jail is overcrowded in violation of the Eighth Amendment. Plaintiff further alleges that Defendants Wilcox, Kunaseth, and Arpaio are liable because they set the policies and procedures for the Maricopa County Jails. Plaintiff seeks money damages.

Counts I and III of the Complaint adequately state a claim, and the Court will require Defendants Kunaseth, Wilcox, and Arpaio to answer these claims.

**IV.  Dismissal of Defendant Clifton**

An Eighth Amendment claim requires a sufficiently culpable state of mind by the defendants, known as "deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834

1  (1994). To act with deliberate indifference, a prison official must both know of and disregard
2  an excessive risk to inmate health; the official must both be aware of facts from which the
3  inference could be drawn that a substantial risk of serious harm exists and he must also draw
4  the inference. <u>Id.</u> at 837. A prisoner claiming deliberate indifference must allege facts
5  sufficient to indicate a culpable state of mind on the part of the defendants. <u>Wilson v. Seiter</u>,
6  501 U.S. 294, 297 (1991).

7  In this case, Plaintiff alleges only that Defendant Clifton is responsible for carrying
8  out policies of Defendant Arpaio and the Maricopa County Board of Supervisors. Plaintiff
9  makes no specific, factual allegations against Defendant Clifton and does not allege that
10  Defendant Clifton was deliberately indifferent to a substantial risk of harm to Plaintiff.
11  Defendant Clifton will therefore be dismissed for failure to state a claim.

12  **V. Failure to State a Claim**

13  In Count II, Plaintiff alleges that inmates are not afforded privacy in toilet and shower
14  facilities. Detainees, like convicted prisoners, do not possess "the full range of freedoms of
15  an unincarcerated individual." <u>Bell v. Wolfish</u>, 441 U.S. 520, 546 (1979). "The applicability
16  of the Fourth Amendment turns on whether the person invoking its protection can claim a
17  'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been 'invaded
18  by government action.'" <u>Hudson v. Palmer</u>, 468 U.S. 517, 525 (1984) (quotation omitted).
19  <u>See also</u> <u>Bell v. Wolfish</u>, 441 U.S. at 557 ("any reasonable expectation of privacy that a
20  detainee retained necessarily would be of a diminished scope"). "A right of privacy in
21  traditional Fourth Amendment terms is fundamentally incompatible with the close and
22  continual surveillance of inmates and their cells required to ensure institutional security and
23  internal order." <u>Id.</u> at 527-28. The Court will therefore dismiss Count II of the Complaint.

24  **VI. Warnings**

25  **A. Release**

26  Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
27  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
28  the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result

in dismissal.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCiv 83.3(d). Plaintiff may not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

**C. Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court may strike any filing that fails to comply with these requirements.

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted** pursuant to 28 U.S.C. § 1915(a)(1).

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $8.83.

(3) Defendant Clifton **and** Count II of the Complaint are **dismissed** without prejudice.

(4) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendants Wilcox, Kunaseth, and Arpaio.

(5) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide

service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendants Wilcox, Kunaseth, and Arpaio within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to the Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(7) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(8) The United States Marshal must notify Defendants Wilcox, Kunaseth, and Arpaio of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file with the Court requests for waivers returned as undeliverable or waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

    (b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and Complaint**

1 **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

2 (10) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

(11) Defendants Wilcox, Kunaseth, and Arpaio must answer Counts I and III of the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Local Rules of Civil Procedure  72.1 and 72.2 for further proceedings.

DATED this 25th day of July, 2006.

_____
David G. Campbell
United States District Judge